**FILED**

**MAR 27 2025**

**BONNIE HACKLER**
Clerk, U.S. District Court

By_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

REBECCA LEANN HUGHES,

    *Defendant.*

Case No. 24 CR-210 JFH

## PLEA AGREEMENT

### PARTIES

This plea agreement is entered into by and between the United States, by and through the United States Attorney for the Eastern District of Oklahoma and the above-captioned defendant pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

## I. THE PLEA

### DEFENDANT=S PLEA

The defendant agrees to voluntarily plead guilty to and admits to being guilty of the following charges in the Eastern District of Oklahoma:

| Count | Offense | Statute |
|-------|---------|---------|
| 1 | Conspiracy to Acquire a Firearm from a Licensed Dealer by False and Fictitious Statement | 18 U.S.C. §§ 371 & 922(a)(6) |

as set forth in the Indictment. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense charged in the Indictment.

Defendant Initials _RH_          Page **1** of **12**

## MAXIMUM POSSIBLE IMPRISONMENT AND/OR FINE

The defendant understands that the *maximum* possible penalty for Conspiracy to Acquire a Firearm from a Licensed Dealer by False and Fictitious Statement is imprisonment for up to 5 years, and/or a fine of $250,000.00, a term of supervised release of up to 3 years to be determined by the Court, and a special assessment in the amount of $100.00. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

## DISMISSAL

At the time of sentencing on the count set forth above, the United States agrees to move for dismissal of any remaining counts pending against the defendant and to move for dismissal of the Indictment if the defendant is entering a plea to an Information herein.

## FACTUAL BASIS FOR PLEA

The defendant agrees that if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt, and that these facts accurately represent the defendant's provable offense conduct and specific offense characteristics:

Beginning on or about June 26, 2024, and continuing until on or about July 21, 2024, in the Eastern District of Oklahoma, I, REBECCA LEANN HUGHES, did knowingly and intentionally conspire, confederate and agree with my husband, Nathanial Hughes, to acquire firearms from a licensed dealer by false and fictitious statements. Specifically, on June 26, 2024, I went into the EZ Pawn store in Durant, Oklahoma, and purchased two firearms that I intended to give to Nathanial Hughes to sell. As part of the transaction, I filled out an ATF Form 4473 and

Defendant Initials _RH_                Page **2** of **12**

answered "YES" on Block 21(a), indicating that I was in the actual buyer of the two firearms listed on the form. I then gave these firearms to Nathanial Hughes, who I know is a convicted felon, to sell. Similarly, on July 21, 2024, I went into the EZ Pawn store with Nathanial Hughes, and he helped me select twelve (12) firearms that I purchased for him to sell. As part of the transaction, I filled out two ATF Form 4473s and answered "YES" on Block 21(a), indicating that I was the actual buyer of the firearms listed on the forms. On June 26 and July 21, 2024, I had an agreement with Nathanial Hughes to purchase firearms for him to sell in violation of federal law. I knew that my role was to purchase the firearms because I was not prohibited by federal law from purchasing firearms. I knowingly and voluntarily participated in this plan with Nathanial Hughes, which involved us working together for our shared mutual benefit to purchase and sell firearms to make money.

The defendant understands that defendant will have to swear under oath to the accuracy of this statement, and if defendant should be called upon to testify about this matter in the future, any inconsistencies in such testimony may subject defendant to additional penalties of perjury which may be enforced by the United States under this agreement.

## II.  LIMITATIONS OF THE AGREEMENT

### NO OTHER CHARGES (TAX CHARGES EXCLUDED)

The United States Attorney's Office for the Eastern District of Oklahoma agrees that it will not bring any other criminal charges against the defendant which are known to the United States Attorney=s Office for the Eastern District of Oklahoma as of the date of this agreement. However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of such offense.

Defendant Initials ~~RH~~          Page **3** of **12**

## COURT, IRS & OTHERS NOT BOUND

The defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendations made by the parties. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this agreement. Nothing in this agreement shall bind any other federal, state or local district, jurisdiction or law enforcement agency.

## III. WAIVERS

### SPEEDY TRIAL ACT WAIVER

The defendant waives and agrees to waive any rights under the Speedy Trial Act.

### WAIVER OF CIVIL CLAIMS AND HYDE ACT CLAIMS

The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant.

### FREEDOM OF INFORMATION ACT (FOIA) WAIVER

The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, but not limited to, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

### WAIVER OF APPELLATE AND POST-CONVICTION RIGHTS

In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following appellate and post-conviction terms of this agreement:

Defendant Initials RH          Page **4** of **12**

a.    the defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a);

b.    the defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;

c.    the defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant=s sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 125 S.Ct. 738 (2005);

d.    the defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel;

e.    the defendant waives the right to have the sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government or a motion for compassionate release under 3582(c)(1)(A), limited to the grounds set forth in U.S.S.G §1B1.13 until such provision is modified by the Sentencing Commission, filed by the defendant;

f.    the defendant waives the right to appeal the District Court=s determination of the amount of restitution and the Court=s subsequent restitution order, if any; and

g.    the defendant waives the right to appeal the District Court's determination of any forfeiture issues and the Court's subsequent forfeiture order, if any.

The defendant has been represented by counsel and is fully satisfied with the services rendered by the defense attorney and believes this plea agreement is the best decision under the circumstances.  The defendant expressly acknowledges that counsel has explained defendant=s trial, sentencing, appellate and post-conviction rights; that defendant understands these rights; and that defendant knowingly and voluntarily waives and relinquishes those rights as set forth above.

_____
REBECCA LEANN HUGHES,

_____
3/17/25
Date Signed

Defendant Initials _____        Page **5** of **12**

## IV.  WITHDRAWAL OF PLEA OR BREACH OF AGREEMENT

### WITHDRAWAL OF PLEA

The United States and the defendant acknowledge and understand, if the Court does not accept this plea agreement, the Court, pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure, will give the defendant an opportunity to withdraw the guilty plea and restore the defendant's trial rights.  The defendant further understands, if the defendant's trial rights are restored and the defendant is subsequently convicted, the defendant may receive a higher sentence than previously contemplated by this plea agreement.

### BREACH OF AGREEMENT

In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, committed any local, state, tribal or federal offense after execution of this agreement or has falsely implicated an innocent person in the commission of a crime, the United States shall, in its discretion, have the options of declaring any provision of this agreement null and void.  The defendant and the United States agree that in the event the Court concludes that the defendant has breached this agreement:

a.  the defendant will not be permitted to withdraw any guilty plea(s) tendered under this agreement and agrees not to petition for withdrawal of any guilty plea(s);

b.  the United States will be free to make any recommendations to the Court regarding sentencing in this case;

c.  any evidence or statements made by the defendant during any cooperation phase will be admissible at any trials or sentencings; and

d.  the United States will be free to bring any other charges it has against the defendant.

### RE-INSTITUTION OF PROSECUTION

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be represented

Defendant Initials _RH_                    Page **6** of **12**

to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or any constitutional restrictions as to the time of bringing such charges.

## V. PRE-SENTENCE REPORT AND SENTENCING PROVISIONS

### INFORMATION TO BE CONSIDERED AT SENTENCING

The defendant understands that the United States may bring to the Court's attention, and the Court may consider, all relevant information with respect to the defendant's background, character and conduct, including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States may bring to the Court's attention and the Court may consider any failure by the defendant to fulfill any obligation under this agreement.

### SENTENCING RECOMMENDATION(S)

*Acceptance of Responsibility and Third Point Motion*

Counsel for the defendant has affirmatively indicated that the defendant not only wishes to enter a plea of guilty, but also clearly demonstrates a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines. Provided that the defendant clearly demonstrates acceptance of responsibility in a timely manner, the United States agrees to recommend a two-point reduction in the offense level pursuant to U.S.S.G. § 3E1.1. If the defendant can adequately demonstrate this recognition and affirmative acceptance of responsibility to the Court, the United States Attorney's Office will move that the defendant receive a third-point reduction in the defendant's offense level for acceptance of responsibility, if the defendant is eligible for such relief under the United States Sentencing Guidelines. The failure of the Court to find that the defendant is entitled to a reduction for acceptance of responsibility shall not be a basis to void this plea agreement.

Defendant Initials RH        Page **7** of **12**

*Stipulations*

The defendant and the United States agree and stipulate to the following fact(s) related to sentencing:

    a.    The United States and the defendant will request that the Court sentence the defendant to a term of probation based upon the factors contained in 18 U.S.C § 3553(a).

The defendant understands that neither the Court nor the United States Probation Office is bound by the foregoing stipulations, whether such stipulations relate to questions of fact or law or to the determination of the correct advisory sentencing guideline calculation.

## VI. FINANCIAL OBLIGATIONS

### FINANCIAL DISCLOSURES

The defendant agrees to disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. The defendant agrees to truthfully complete a Financial Disclosure Statement no later than the date of the change of plea hearing, signed under penalty of perjury and provide the same to the United States Attorney's Office and the United States Probation Office. The defendant further agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k) within seven days of the event giving rise to the change of circumstances. The parties agree that the defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute a failure of the defendant to accept responsibility pursuant to U.S.S.G. § 3E1.1.

The defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant. The defendant further agrees to provide waivers, consents or releases

Defendant Initials _RH_                Page **8** of **12**

requested by the United States Attorney's Office to access records to verify the financial information. The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and financial information held by the United State Probation Office.

The defendant agrees to submit to an examination under oath and/or a polygraph examination by an examiner selected by the United States Attorney's Office, on the issue of the defendant's assets and financial disclosures.

The defendant agrees to notify the Asset Recovery Unit (ARU) of the United States Attorney's Office before the defendant transfers any interest in property with a value exceeding $1000.00 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships or corporations.

## FORFEITURE

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture which are in the possession or control of the defendant or defendant's nominees. Such assets to be forfeited may include cash, stocks, bonds, certificates of deposit, personal property and real estate. The assets to be forfeited shall specifically include the following:

Personal Property: One (1) SIG Sauer, .40 caliber pistol, with SN 58A026487, and one (1) Charter Arms Bulldog revolver, with SN 272175.

The defendant further agrees to fully assist the United States in the recovery and return to the United States of any assets or portions thereof as described above wherever located. The defendant further agrees to make a full and complete disclosure of all assets over which he or she exercises control and those which are held or controlled by a nominee. The defendant further agrees to be polygraphed on the issue of assets if it is deemed necessary by the United States. The

defendant agrees to forfeit all interests in the properties as described above and to take whatever steps which will facilitate the passing or are necessary to pass clear title to the United States. These steps include but are not limited to the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents which may facilitate or are necessary to effectuate such transfers. The defendant agrees not to object to any civil forfeiture brought against these properties by the United States or any agency thereof.

## VIII.  CONTRACTUAL SPECIFICATIONS

<u>REASONS FOR AGREEMENT</u>

The United States enters into this plea agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses; takes into account the public interest in a prompt and certain disposition of the case; adequately protects the public; and promotes respect for the law, thereby serving the ends of justice.

<u>COMPLETE AGREEMENT/TERMS NOT SEVERABLE/CONSTRUCTION</u>

The parties agree that this plea agreement was negotiated between competent legal counsel and shall not be construed against either the United States or the defendant because both parties acknowledge responsibility for the plea agreement reached as a result of negotiation with respect hereto and the expressed herein. The subject headings herein are for convenience only and are not part of this plea agreement. This document sets forth the complete and only terms of the plea agreement between the United States Attorney for the Eastern District of Oklahoma and the defendant in this case, and is binding only on the United States Attorney's Office for the Eastern District of Oklahoma and the defendant. This written agreements supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than by a writing that

Defendant Initials  RH                    Page **10** of **12**

is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial.

## TIME LIMIT

The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., March 20, 2025. Otherwise, the invitation to offer shall be deemed withdrawn.

## SIGNATURE REQUIREMENTS

None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Eastern District of Oklahoma until this agreement is signed by the defendant, defense counsel and the United States Attorney, or his authorized representative.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it without reservation. No promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement and plea supplement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it. I do this of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

3/17/25
Date

REBECCA LEANN HUGHES,
Defendant

Defendant Initials _RH_          Page **11** of **12**

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. The defendant's decision to enter into this agreement is an informed and voluntary one.

3-17-25
_____
Date

*Aubrey Watson*
_____
Aubrey Watson, OBA # 35259
Assistant Federal Public Defender
112 N. 7th Street
Muskogee, OK 74401
918-687-2430
Counsel for Defendant

On behalf of the Office of the United States Attorney for the Eastern District of Oklahoma, I accept this agreement of the defendant to plead guilty under the terms and conditions set forth herein.

CHRISTOPHER J. WILSON
United States Attorney

27.March 2025
_____
Date

*Michael E. Robinson*
_____
Michael E Robinson, MA BA # 693574
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
(918) 684-5144
Michael.robinson3@usdoj.gov

Defendant Initials _RH_         Page **12** of **12**